ROGER L. GRANDGENETT, II, ESQ., Bar # 6323
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169
Telephone:  702-862-8800
Fax:        702-862-8811
Email:      rgrandgenett@littler.com

KARYN M. TAYLOR, ESQ., Bar # 6142
NV ENERGY
6100 Neil Road
Reno, NV 89511
Telephone:  775-834-5781
Fax:        775-834-3357
Email:      ktaylor@nvenergy.com

Attorneys for Defendant NV ENERGY, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED ROSENFELD, individually,<br><br>Plaintiff,<br><br>vs.<br><br>NV ENERGY, INC., a Nevada corporation; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | Case No.  2:17-cv-03041-JCM-CWH<br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY AND THE EARLY NEUTRAL EVALUATION SESSION** |

Defendant, NV ENERGY, INC. (hereinafter "Defendant" or "NV Energy"),[1] by and through its counsel of record, hereby moves this Court for an order staying discovery and the Early Neutral Evaluation ("ENE") currently scheduled in this case for April 4, 2018, pending this Court's order on Defendant's *Motion to Dismiss Plaintiff's Complaint* (ECF No. 9).  This Motion is made and based upon the following Points and Authorities, all pleadings on file with this court, and any oral argument permitted by this Court.

---

[1] Nevada Power Company was Mr. Rosenfeld's employer.  Therefore, NV Energy, Inc., as the holding company, is not a proper party to the action.

**POINTS AND AUTHORITIES**

**I.   FACTS**

Plaintiff filed his Complaint (ECF No. 1) against NV Energy in this matter on December 12, 2017, alleging age discrimination and hostile work environment.

Defendant filed its Motion to Dismiss on January 16, 2018, stating that Plaintiff's claim of age discrimination falls short of the well-pleaded fact standard and should be dismissed with prejudice, as it is supported by nothing more than speculation that Plaintiff was terminated "premised upon Plaintiff's age" and that he was subjected to "unequal treatment by management"…"as opposed to younger workers". Additionally, Plaintiff failed to allege that he was performing his job satisfactorily or that he was replaced by a younger employee with equal or inferior qualifications.  Further, Defendant's Motion to Dismiss states that Plaintiff failed to allege any facts that would allow the Court to draw the inference that Defendant is liable for creating a hostile work environment.  He did not allege even one disparaging comment, and the two comments alleged do not sufficiently state a hostile work environment claim, especially when assertions are made indicating when and how often the comments were made.

Plaintiff filed his Opposition to Defendant's Motion to Dismiss (ECR No. 11) on January 24, 2018, stating that his Complaint is sufficient as filed.  Plaintiff provided no additional information indicating that his Complaint is anything beyond pure speculation.

Defendant filed its *Reply in Support of Motion to Dismiss Plaintiff's Complaint* (ECR No. 19) on February 16, 2018.  Defendant's Motion to Dismiss is currently ripe for review and pending before this Court.

The Court has scheduled an ENE for April 4, 2018 at 10:00 a.m. before the United States Magistrate Judge Ferenbach.

**II.   ARGUMENT**

    **A.   Legal Standard**

Courts have broad discretion to determine whether a stay of litigation, including a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need

NV ENERGY
6100 NEIL ROAD
Reno, NV  89511
775.834.5781

of further immediate exploration, and the issues before the Court are purely questions or law that are potentially dispositive." *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Thus, in determining whether to stay discovery the court considers whether: "(1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." *Id*. *See also e.g. Klaizner v. Ditech Financial LLC*, 2016 WL 3176579 (D. Nev. June 2, 2016) (citing *Ministerio*, 288 F.R.D. at 506).

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

To determine whether a stay is appropriate the court must take a "preliminary peek" at the pending dispositive motion. *Tradebay LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.*

Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)). "It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Trice vs. National Default Servicing Corp.*, 2017 U.S. Dist. LEXIS 28936 *3 (D. Nev. 2017), *citing*, *Tradebay*.

///

///

///

NV ENERGY
6100 NEIL ROAD
Reno, NV 89511
775.834.5781

### B. Discovery and the ENE Should be Stayed Pending Resolution of Defendant's Motion to Dismiss

Defendant's Motion to Dismiss (ECF No. 9) warrants a stay of discovery and the scheduled ENE pending the resolution of the Motion to Dismiss, because the Motion is potentially dispositive of the entire case. Plaintiff does not set forth plausible claims. Plaintiff's age discrimination claim is not supported by anything other than his speculation that he was terminated or otherwise subjected to adverse action because of his age, and he does not allege that he was performing his job satisfactorily or that he was replaced by a younger employee with equal or inferior qualifications. This Court has readily dismissed claims with similar deficiencies. *Rodriguez v. Station Casinos, LLC*, 2015 WL 7069296 *2 (D. Nev. 2015); *see also Archuleta v. Corrections Corp. of America*, 2017 WL 797094 *6 (D. Nev. 2017) (plaintiff failed to allege "sufficient facts to show that similarly-situated individuals of a different race were treated more favorably than he and that his race was the sole cause of his termination"); *Levy v. Mandalay Corp.*, No. 2:14-cv-01636, 2015 WL 3629737 at *2 (D. Nev. 2015) (allegation that "someone" was promoted over plaintiff was insufficient to state a discrimination claim); see also *Cummings v. United Healthcare Servs., Inc.*, No. 2:13-cv-00479, 2014 WL 1302029, at *4 (2014) (dismissing racial discrimination claim where plaintiff did "not provide even one example of how other similarly situated non-African American employees received preferential treatment").

With respect to his hostile work environment claim, Plaintiff does not allege any disparaging comment, and several courts have held that the two vague comments he alleges do not state a hostile work environment claim. *Graham v. Mirage Casino Hotel*, 2015 WL 5224895 *2 (D. Nev. 2015); *McNeil v. Loyola Univ.*, 2014 WL 320494 *9 (D. Md. 2014) (occasional inquires about retirement plans were not severe or pervasive to state a hostile work environment claim); *Wheeler v. Bank of New York Mellon*, 256 F.Supp. 3d 205, 219 (N.D.N.Y. 2017) (comments or questions about retirement do not create a hostile work environment); *Gaffney v. Village of Mamaroneck Police Dep't*, 2016 WL 4547499 *5, n. 4 (S.D.N.Y. 2016) (plaintiff failed to plead a hostile work environment claim based upon questions about his retirement plans); *Caldwell v. Enterprise Products Co.*, 2016 WL 3166866 *4 (S.D. Tex. 2016) (comments that a retirement package may be advantageous to an employee because of age does not allege facts relevant to, or that are more likely to make plausible, a claim that the termination was discriminatory). Plaintiff's failure to allege when or how often the comments

4

NV ENERGY
6100 NEIL ROAD
Reno, NV 89511
775.834.5781

were made renders his complaint even more vague, conclusory and speculative. *Wheeler* at 219.

Furthermore, the statement of facts in Plaintiff's opposition to Defendant's motion to dismiss provide nothing more for the Court's consideration that would render his Complaint sufficient under *Iqbal* and *Twombly*.

Neither party will suffer hardship or inequity as a result of a stay because discovery is completely unjustified at this point. Plaintiff has not set forth any cognizable cause of action. Requiring the parties to conduct discovery on claims that may not be properly before the court, and with no clear wrongdoing by Defendant alleged in Plaintiff's Complaint, would result in an unnecessary expenditure of resources and is particularly prejudicial to Defendant.

Finally, similar to the situations in *Trice, Little and Edwards v. State of Nevada*, 2017 U.S. Dist. LEXIS 69090 (D. Nev. 2017), this is a case where a stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d at 685. Additionally, staying discovery and the ENE will not prejudice Plaintiff, because this matter is in its infancy. Plaintiff will not be prejudiced by a stay because: (1) if the Court grants the Motion to Dismiss, this matter will be dismissed; (2) if the Court denies the Motion to Dismiss, the stay of discovery and the ENE will be lifted and the parties will proceed. Simply put, there is no reason to conduct discovery while the Motion to Dismiss is pending before this Court.

**III.     CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the Court grant *Defendant's Motion to Stay Discovery and the Early Neutral Evaluation* and stay discovery and the ENE until such time as the Court can rule upon the Motion to Dismiss.

DATED: February 21, 2018                     /s/ Karyn M. Taylor
                                                                KARYN M. TAYLOR, ESQ.
                                                                NV Energy

                                                                ROGER L. GRANDGENETT, II, ESQ.
                                                                Littler Mendelson, P.C.

                                                                Attorneys for Defendant, NV ENERGY, INC.

5

NV ENERGY
6100 N<small>EIL</small> R<small>OAD</small>
Reno, NV 89511
775.834.5781

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 6100 Neil Road, Reno, Nevada 89511. On the 21st day of February, 2018, I served the within document(s):

**DEFENDANT'S MOTION TO STAY DISCOVERY AND THE**

**EARLY NEUTRAL EVALUATION**

[X] by serving the following parties electronically through CM/ECF.

[ ] by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

[ ] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Reno, Nevada addressed as set forth below.

[ ] by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

[ ] by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Kirk T. Kennedy, Esq.
815 S. Casino Center Blvd.
Las Vegas, NV 89101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of February, 2018, in Reno, Nevada.

/s/ Lacy O'Block
Lacy O'Block