KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRED ROSENFELD, Individually, ) | 2-17-cv-03041-JCM-CWH |
| Plaintiff, ) | |
| vs. ) | |
| NV ENERGY, INC., ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF DISCOVERY AND THE ENE SESSION, DOCK. 20**

COMES NOW, the Plaintiff, FRED ROSENFELD, by and through his undersigned counsel, KIRK T. KENNEDY, ESQ., who files this opposition to the Defendant's motion to stay discovery and the ENE Session set for April 4, 2018, ECF. 20.

In support hereof, Plaintiff relies on the following points and authorities.

Dated this 22nd day of February, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

1

## POINTS AND AUTHORITIES

Defendant has filed its motion to stay discovery and the scheduled ENE Session until the district court has resolved their pending motion to dismiss complaint, ECF 9. Plaintiff has filed an age discrimination complaint against his former employer, as described in the factual allegations of the Complaint, to wit:

"8. Plaintiff, a male over the age of 68 years, was an employee of the Defendant from March 16, 1983, to his wrongful termination in November, 2016; his last position was that of an Operator.

9. At all relevant times herein, Plaintiff was under the supervision of Operations Manager and Defendant's employee Lloyd Anderson, as well as Plaintiff's direct supervisor, Ted Gretz.

10. Plaintiff endured various forms of discriminatory conduct based on his protected category age, 68, from his supervisors which consisted of the following:

a. unfair criticisms of his work and performance, which younger employees of the Defendant did not endure;

b. unequal treatment by management against Plaintiff regarding the terms and conditions of his employment as opposed to younger co-workers;

c. disparaging comments and statements by supervisors related to Plaintiff taking retirement and/or statements by supervisors that Plaintiff should leave his employment and retire due to his age;

d. Defendant initiating and enforcing unfounded disciplinary actions against Plaintiff, which were not grounded in fact or excuse or justification, and which were intended to cause harm to Plaintiff based on his age;

e. Defendant wrongfully terminating Plaintiff's employment on or about November, 2016, said termination premised upon Plaintiff's age and based on false allegations of misconduct against the Plaintiff by the Defendant's agents

f. the denial of other workplace rights and protections by the Defendant and other harm.

11. Plaintiff notified the Defendant that its actions and conduct were wrongful and that

Plaintiff was suffering discriminatory harm based on his age.

12. Defendant and its agents failed to protect Plaintiff from the harm caused by the discriminatory conduct of its agents, said Defendant being on notice of the wrongful conduct.

13. Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial." Complaint, ECF 1.

Rosenfeld's single cause of action for age discrimination states as follows:

"15. Plaintiff, a male over the age of 68 years, was subjected to regular and frequent acts of discrimination, harassment, intimidation and unequal treatment based on his protected age category, over 40, as well as an overall hostile work environment, as a result of conduct and actions of agents of the Defendant, said conduct in violation of the Age Discrimination in Employment Act and Nevada state law.  This conduct includes, *but is not limited to*, Plaintiff endured various forms of discriminatory conduct and harassment based on his over 40 age; which included pervasive and ongoing verbal abuse, threats and intimidation from his supervisors; a hostile work environment predicated upon Plaintiff's over 40 age;  which included verbal abuse, threats and intimidation; unequal treatment as opposed to other, younger employees/co-workers;  disparate treatment as opposed to other younger employees/co-workers;  unfounded disciplinary actions and a wrongful termination.

16. Plaintiff endured various forms of discriminatory conduct based on his over 40 age from his supervisors and co-workers, which consisted of the following:

a. unfair criticisms of his work and performance, which younger employees of the Defendant did not endure;

b. unequal treatment by management against Plaintiff regarding the terms and conditions of his employment as opposed to younger co-workers;

c. disparaging comments and statements by supervisors related to Plaintiff taking retirement and/or statements by supervisors that Plaintiff should leave his employment and retire due to his age;

3

d. Defendant initiating and enforcing unfounded disciplinary actions against Plaintiff, which were not grounded in fact or excuse or justification, and which were intended to cause harm to Plaintiff based on his age;

e. Defendant wrongfully terminating Plaintiff's employment on or about November, 2016, said termination premised upon Plaintiff's age and based on false allegations of misconduct against the Plaintiff by the Defendant's agents

f. the denial of other workplace rights and protections by the Defendant and other harm.

17. Plaintiff complained and gave notice to the Defendant regarding the discriminatory conduct, however, the Defendant and its agents failed to protect Plaintiff from the harm caused by the discriminatory conduct of its agents, said Defendant being on notice of the wrongful conduct.

18. Plaintiff suffered a wrongful termination based on his age, which was premised upon false and/or unfounded pretextual accusations by the Defendant, said termination unlawful and in violation of state and federal law.

19. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial. To the extent that the Defendant's conduct was wilful and malicious, Plaintiff also seeks an award of punitive damages in an amount according to proof at trial.

      The Plaintiff's Complaint sets forth sufficient, plausible allegations, which overcome an FRCP Rule 12(b) analysis. Contrary to the Defendant's assertions, Rosenfeld's claims are not based on "speculation," but actual facts related to the adverse and discriminatory conduct he endured from his supervisors with the Company. This conduct will be further exposed with the commencement of discovery in the matter.

**I. THE DEFENDANT'S MOTION TO STAY SHOULD BE DENIED:**

      The Defendant contends that discovery should be stayed because their motion to dismiss is "potentially dispositive" and, if not dispositive, the current Complaint is based on "speculation" regarding Plaintiff's termination and his age discrimination claims. Def. Motion, pg. 4.

4

This Court has broad discretionary power to control the discovery process, including any decisions to stay discovery.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  In deciding upon any motion to stay discovery, the Court must consider the overall goals set forth in FRCP 1, which state that the rules of civil procedure "must be construed and administered to secure the just, speedy and inexpensive determination of every action.

In Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (D. Nev. 2011), the district court noted that the Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending.  Id. at 600-601.  A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997).  Further, the fact that "discovery may involve some inconvenience and expense" does not automatically warrant a stay of discovery." Id.

A motion for stay of discovery is determined by considering whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought, and (2) the potentially dispositive motion can be decided without additional discovery.  Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013).  The court is also required to take a preliminary peek at the potentially dispositive motion in order to determine whether discovery should be permitted or stayed until resolution of the motion.  Tradebay, 278 F.R.D. at 603.

The party seeking a stay "carries the heavy burden of making a strong showing why discovery should be denied. Turner, 175 F.R.D. at 556.

In analyzing the above-noted factors, Plaintiff Rosenfeld would first note that the pending motion to dismiss is unlikely to be fully dispositive of the case.  NV Energy makes various claims in its FRCP 12(b) motion to support dismissal, however, the federal standard favors the granting of the liberal leave to amend a complaint, if dismissal is granted.  Under  FRCP Rule 15(a), the Rules support the liberal leave to amend a complaint.  In Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), the Ninth Circuit stated that the liberal amendment policy of Rule 15 is " to be

5

applied with extreme liberality" and that the leave to amend shall be freely given, in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant.

In Gompper v. Visx, Inc., 298 F.3d 893, 898 (9th Cir. 2002), the Ninth Circuit held that dismissal of a complaint without leave to amend is improper, unless an amendment is futile or a complaint could not be saved by any amendment.

While Plaintiff does agree that the pending motion to dismiss may be decided by the district court without the need for further discovery, the fact remains that if the motion to dismiss is granted, Ninth Circuit precedent and the Rules favor the Plaintiff being granted the liberal leave to amend the pleading. Given that potential scenario, the Defendant's motion cannot truly be considered "dispositive," as it will not result in the actual dismissal of the action.

A preliminary peek at the NV Energy motion to dismiss and the Plaintiff's opposition, ECF 11, indicates that the Plaintiff has submitted sufficiently plausible claims for relief, which will survive the district court's Rule 12(b) analysis. As quoted above, Plaintiff's Complaint has set forth specific allegations of age based discriminatory conduct, which must be accepted as true at this stage. Stiesberg v. State of California, 80 F.3d 353, 356 (9th Cir. 1996).  Additionally, should the district court grant the Defendant's motion to dismiss, then the Ninth Circuit and the FRCP both favor the liberal leave to amend the complaint.  Under these circumstances, a stay of discovery and the ENE is not warranted

Overall, the Defendant NV Energy has failed to articulate any justifiable reason to unduly delay discovery pending the resolution of their motion to dismiss.  The Defendant's motion, if successful, will more than likely result in an order for the Plaintiff to amend his lawsuit.  The motion to dismiss will not result in the actual dismissal and closure of the matter and, for this reason, the Defendant's motion to dismiss is not a truly dispositive matter.

For all the foregoing reasons, and based on this Court's preliminary peek into the pending pleadings on the motion to dismiss, the Plaintiff moves the Court to deny this

motion for stay. The parties should be allowed to commence discovery without the inconvenience of essentially doing nothing while waiting for resolution of the motion to dismiss. While the Defendant would like to sit on its hands and bide time, the Plaintiff would prefer to simply move forward with the matter and initiate discovery, as well as participate in the April 4, 2018, ENE Session set by the Court.

Dated this 22nd day of February, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby affirm that on this 22nd day of February, 2018, I mailed via first class U.S. Mail and served via the CM/ECF System a copy of the foregoing to the Defendant at the address below:

> Karyn M. Taylor, Esq.
> NV Energy
> 6100 Neil Road
> Reno, NV 89511
>
> Roger L. Grandgenett, II, Esq.
> Littler Mendelson
> 3960 Howard Hughes Pkwy., Ste. 300
> Las Vegas, NV 89169

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28