1  ROGER L. GRANDGENETT, II, ESQ., Bar # 6323
   LITTLER MENDELSON, P.C.
2  3960 Howard Hughes Parkway, Suite 300
   Las Vegas, NV 89169
3  Telephone:    702-862-8800
   Fax:          702-862-8811
4  Email:        rgrandgenett@littler.com

5  KARYN M. TAYLOR, ESQ., Bar # 6142
   NV ENERGY
6  6100 Neil Road
   Reno, NV 89511
7  Telephone:    775-834-5781
   Fax:          775-834-3357
8  Email:        ktaylor@nvenergy.com

9  Attorneys for Defendant NV ENERGY, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED ROSENFELD, individually,<br><br>                Plaintiff,<br><br>vs.<br><br>NV ENERGY, INC., a Nevada corporation; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive,<br><br>                Defendants. | Case No.  2:17-cv-03041-JCM-CWH<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND THE EARLY NEUTRAL EVALUATION SESSION** |

Defendant, NV ENERGY, INC. (hereinafter "Defendant" or "NV Energy"),[1] by and through its counsel of record, hereby submits its reply brief in support of its motion for an order staying discovery and the Early Neutral Evaluation ("ENE") currently scheduled in this case for April 4, 2018, pending this Court's order on Defendant's *Motion to Dismiss Plaintiff's Complaint* (ECF No. 9). This Motion is made and based upon the following Points and Authorities, all pleadings on file with this court, and any oral argument permitted by this Court.

---

[1] Nevada Power Company was Mr. Rosenfeld's employer. Therefore, NV Energy, Inc., as the holding company, is not a proper party to the action.

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

After having filed two briefs at this point in response to Defendant's motion to dismiss and motion for stay, Plaintiff still has not even suggested that there is one single additional fact to be alleged in support of his age discrimination claim.  He has not alleged the identity of ***any*** similarly-situated person outside of his protected class who was treated more favorably, or ***any fact*** indicating that his claim is plausible, not merely speculative.  He has not made any assertion whatsoever showing that his termination was based upon his age.  He merely alleges that he is over 68 years old and that he was terminated.  These failures support a stay of discovery and the ENE session while Defendant's motion to dismiss is pending, notwithstanding Plaintiff's apparent contention that leave to amend is essentially automatic and that the initial briefing of a Rule 12 motion to dismiss is simply a formality.  Opposition, p. 6.  Plaintiff claims that there are "actual facts" supporting his Complaint, but he does not provide even one such fact in his oppositions.  Contrary to Plaintiff's contention, Defendant does not want to "sit on its hands and bide time," but rather Defendant seeks allegations demonstrating that Plaintiff's claims are plausible and not based solely upon speculation.

**II.    Discovery and the ENE Should be Stayed Pending Resolution of Defendant's Motion to Dismiss**

A "preliminary peek" at the merits of Defendant's dispositive motion demonstrates that discovery should be stayed.  *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  Plaintiff does not allege a ***single fact*** showing that his discrimination claim is plausible.  He does not identify any employee who was treated differently, nor does he allege facts showing that there is any causal connection between his age and the alleged "unequal treatment."  *Rodriguez v. Station Casinos, LLC*, 2015 WL 7069296 *2 (D. Nev. 2015); *see also Archuleta v. Corrections Corp. of America*, 2017 WL 797094 *6 (D. Nev. 2017); *Levy v. Mandalay Corp.*, No. 2:14-cv-01636, 2015 WL 3629737 at *2 (D. Nev. 2015); see also *Cummings v. United Healthcare Servs., Inc.*, No. 2:13-cv-00479, 2014 WL 1302029, at *4 (2014).  Defendant's motion is clearly potentially dispositive of the entire case, which can be decided without additional discovery.  *Klaizner v. Ditech Financial LLC*, 2016 WL 3176579 (D. Nev. June 2, 2016) (citing *Ministerio*, 288 F.R.D. at 506).

NV ENERGY
6100 NEIL ROAD
Reno, NV  89511
775.834.5781

With respect to his hostile work environment claim, Plaintiff does not allege any disparaging comment, nor does he state the name of any employee that made an offensive comment, when the comments were made or how often they were made. *Wheeler v. Bank of New York Mellon*, 256 F.Supp. 3d 205, 219 (N.D.N.Y. 2017).

The vague comments about retirement plans made by unidentified "supervisors" (amongst NV Energy's approximate 300 supervisors company-wide) do not state a hostile work environment claim. *Graham v. Mirage Casino Hotel*, 2015 WL 5224895 *2 (D. Nev. 2015); *McNeil v. Loyola Univ.,* 2014 WL 320494 *9 (D. Md. 2014) (occasional inquiries about retirement plans were not severe or pervasive to state a hostile work environment claim); *Wheeler v. Bank of New York Mellon*, 256 F.Supp. 3d 205, 219 (N.D.N.Y. 2017) (comments or questions about retirement do not create a hostile work environment); *Gaffney v. Village of Mamaroneck Police Dep't*, 2016 WL 4547499 *5, n. 4 (S.D.N.Y. 2016) (plaintiff failed to plead a hostile work environment claim based upon questions about his retirement plans); *Caldwell v. Enterprise Products Co.*, 2016 WL 3166866 *4 (S.D. Tex. 2016) (comments that a retirement package may be advantageous to an employee because of age do not allege facts relevant to, or that are more likely to make plausible, a claim that the termination was discriminatory).

Plaintiff's allegations are nothing more than a "formulaic recitation" of the severe and pervasive element of the *prima facie* case. *Twombly*, 550 U.S. at 555. This is clearly insufficient, and discovery should be stayed until the resolution of Defendant's motion to dismiss the amended complaint.

### III.   CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court grant *Defendant's Motion to Stay Discovery and the Early Neutral Evaluation* and stay discovery and the ENE until such time as the Court rules upon the Motion to Dismiss.

DATED:  February 27, 2018                              /s/  Karyn M. Taylor
                                                      KARYN M. TAYLOR, ESQ.
                                                      NV Energy
                                                      ROGER L. GRANDGENETT, II, ESQ.
                                                      Littler Mendelson, P.C.

                                                      Attorneys for Defendant, NV ENERGY, INC.

NV ENERGY
6100 NEIL ROAD
Reno, NV  89511
775.834.5781

3

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 6100 Neil Road, Reno, Nevada 89511. On the 27th day of February, 2018, I served the within document(s):

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND THE EARLY NEUTRAL EVALUATION SESSION**

- [X] by serving the following parties electronically through CM/ECF.

- [ ] by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

- [ ] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Reno, Nevada addressed as set forth below.

- [ ] by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

- [ ] by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Kirk T. Kennedy, Esq.
815 S. Casino Center Blvd.
Las Vegas, NV 89101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of February, 2018, in Reno, Nevada.

        /s/  Lacy O'Block
        Lacy O'Block

NV ENERGY
6100 Neil Road
Reno, NV 89511
775.834.5781