**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

FRED ROSENFELD,

   Plaintiff,

v.

NV ENERGY, INC.,

   Defendant.

Case No. 2:17-cv-03041-JCM-CWH

**ORDER**

   Presently before this court is Defendant NV Energy, Inc.'s Motion to Stay Discovery and the Early Neutral Evaluation Session (ECF No. 20), filed on February 21, 2018. Plaintiff Fred Rosenfeld filed a response (ECF No. 21) on February 22, 2018. Defendant filed a reply (ECF No. 22) on February 27, 2018.

**I. BACKGROUND**

   This action arises out of an employment dispute between Plaintiff Fred Rosenfeld and Defendant NV Energy, Inc., his former employer. Plaintiff alleges he is 68 years old and was employed by Defendant from March 1983 to November of 2016. (Compl. (ECF No. 1) at ¶ 8.) Plaintiff alleges that he was discriminated against based upon his age because he was unfairly criticized for his work performance, which younger employees did not endure; that he was treated unequally regarding the terms and conditions of his employment as opposed to younger co-workers; that he was the victim of disparaging comments related to his taking retirement or that he should leave his employment due to his age; that he received unfounded discipline which was intended to cause harm due to his age; and that he was terminated based upon false allegations of misconduct. (*Id*. at ¶ 10.)

Following his termination, Plaintiff brought suit in this court against Defendant asserting a claim for age discrimination and hostile environment. (Compl. (ECF No. 1).) Defendant moved to dismiss, arguing that the complaint did not satisfy the pleading standard under *Iqbal* and *Twombly* because the allegations are too speculative and conclusory. (Mot. to Dismiss (ECF No. 9).) Defendant argues that Plaintiff does not allege sufficient facts to infer a causal connection between his age and his termination. Defendant further argues that Plaintiff's subjective speculation about his termination is insufficient to state a claim for discrimination. Additionally, Defendant argues that Plaintiff does not identify a similarly-situated co-worker outside of his protected class who was treated more favorably than Plaintiff was, or that he was replaced by a younger employee with equal or inferior qualifications.

Regarding his hostile work environment allegations, Defendant argues that Plaintiff has only set forth a bare recitation of the elements, but does not allege even one disparaging comment, and that comments regarding Plaintiff taking retirement are insufficient to state a hostile work environment claim.

Plaintiff opposed the motion to dismiss, arguing that the complaint sufficiently alleges plausible claims which will survive the motion to dismiss. (Opp'n (ECF No. 11).) Plaintiff also responds that the federal standard favors liberal leave to amend, so if the motion to dismiss is granted, he would nevertheless be allowed to amend his complaint. Plaintiff therefore indicates he will move to amend the complaint if the court finds greater factual content necessary. The motion to dismiss the complaint is pending before the United States district judge assigned to this case.

Defendant now moves to stay discovery pending the ruling on the pending motion to dismiss, arguing the motion to dismiss is dispositive of the entire case and that discovery would be inefficient because Plaintiff does not state a cognizable claim. (Mot. to Stay (ECF No. 20).) Plaintiff responds that staying discovery would create unnecessary delay and prevent him from diligently preparing his case, and that the motion to dismiss is not dispositive of the entire case because he will be allowed to amend his complaint. (Opp'n Mot. to Stay Discovery (ECF No. 21).)

///

///

## II. ANALYSIS

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* A court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Turner*, 175 F.R.D. at 555. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* at 556 (quotation omitted).

The court now takes a "preliminary peek" at the merits of Defendant's motion to dismiss to determine whether it is potentially dispositive of the entire case and whether it can be decided without additional discovery. Plaintiff's "first claim for relief" includes a claim for age discrimination which the court understands to be disparate treatment and hostile work environment claims. (*See* Compl. (ECF No. 1).)

3

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When pleading facts that do no more than infer the possibility of misconduct, a complaint has alleged, but not shown, that the plaintiff is entitled to relief. *Id.* at 679. Properly pled allegations contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555. While courts must accept as true all factual allegations in a complaint, legal conclusions do not receive the same treatment, even if couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In order to state a prima facie case of age discrimination, Plaintiff must show that (1) he is a member of a protected class (at least age 40), (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action, and (4) he was replaced by a substantially younger employee with equal or inferior qualifications. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

Plaintiff alleges that he is a member of a protected class. He does not claim that he was performing his job satisfactorily or that he was replaced by a younger employee with equal or inferior qualifications. He alleges in conclusory fashion that he suffered adverse employment actions, including unfair criticisms of his work, unequal treatment by managers regarding the terms and conditions of his employment, and disparate treatment as opposed to younger employees. Plaintiff's complaint consists of legal conclusions and broad generalities, but insufficient facts to state a plausible age discrimination claim.

Additionally, Plaintiff fails to allege any facts which would allow the court to draw the inference that Defendant is liable for creating a hostile work environment. Plaintiff does not include specific dates, details, or frequency of comments made to him, or of the unequal treatment or discipline he received.

Given that Plaintiff has failed to allege sufficient facts in support of his claims, the court finds that Defendant's motion to dismiss at this stage is dispositive of this case. The court further finds that the motion to dismiss can be decided without additional discovery.

If Defendant's motion to dismiss is granted, Plaintiff may be given leave to file an amended complaint to cure any pleading defects under Rule 15's liberal standard.  At this stage, Plaintiff has not moved to amend or provided any information indicating there are additional facts to support the complaint, and so the court is convinced that Defendant's motion to dismiss will succeed.  The court therefore will grant Defendant's motion to stay discovery.  Moreover, absent a complaint which sufficiently alleges supporting facts, the Early Neutral Evaluation Session is not likely to be productive.  To accomplish the cost- and time-saving objectives of Rule 1, it also should be stayed.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Discovery and the Early Neutral Evaluation Session Pending Ruling on Motion to Dismiss (ECF NO. 20) is GRANTED.

DATED: March 13, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**