UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRED ROSENFELD, | Case No. 2:17-CV-3041 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| NV ENERGY, INC., | |
| Defendant(s). | |

Presently before the court is defendant NV Energy, Inc.'s motion to dismiss. (ECF No. 9). Plaintiff Fred Rosenfeld filed a response (ECF No. 11), to which defendant replied (ECF No. 19).

I.      Facts

Plaintiff, age sixty-eight, was employed by defendant as an operator from March 16, 1983, until his termination in November of 2016. (ECF No. 1). Plaintiff alleges that during his employment he "endured various forms of discriminatory conduct based on his protected category age." *Id.* Plaintiff asserts that discriminatory conduct from his supervisors included "unfair criticisms" of his work and performance and "unequal treatment by management" that younger employees did not receive. *Id.* He also alleges that defendant initiated and enforced unfounded disciplinary actions against him that were intended to harm plaintiff based on his age. *Id.*

Plaintiff alleges that supervisors made disparaging comments and statements to him regarding retirement and that he was told that he should leave his employment and retire due to his age. *Id.* Plaintiff asserts that defendant wrongfully terminated plaintiff's employment in November of 2016. *Id.*

Plaintiff alleges that his termination was actually premised upon his age, but that defendant based the termination on false allegations of plaintiff's misconduct made by agents of defendant.

*Id.* Plaintiff asserts that he informed defendant that he was being discriminated against and harmed based on his age, but that defendant failed to protect plaintiff from such harm. *Id.* Plaintiff suffered harm and damages as a result of defendant's conduct. *Id.*

On December 12, 2017, plaintiff filed a complaint against defendant, asserting claims of age discrimination and hostile work environment. *Id.*

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

**James C. Mahan**
**U.S. District Judge**

1    (internal quotation marks omitted). When the allegations in a complaint have not crossed the line

2    from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

3        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

4    1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

5        First, to be entitled to the presumption of truth, allegations in a complaint or
6        counterclaim may not simply recite the elements of a cause of action, but must
         contain sufficient allegations of underlying facts to give fair notice and to enable
7        the opposing party to defend itself effectively. Second, the factual allegations that
         are taken as true must plausibly suggest an entitlement to relief, such that it is not
8        unfair to require the opposing party to be subjected to the expense of discovery and
         continued litigation.

9    *Id.*

10   **III.    Discussion**

11       Defendant moves to dismiss plaintiff's age discrimination claim and hostile work

12   environment claim. (ECF No. 9). Defendant asserts that plaintiff has failed to establish key

13   elements of his age discrimination claim and that plaintiff's allegations regarding both claims are

14   insufficient and conclusory. *Id*. Plaintiff asserts that he has sufficiently pleaded both claims.[1]

15   (ECF No. 11).

16       *a. Plaintiff's claim for violations of the Age Discrimination in Employment Act ("ADEA")*

17       Defendant asserts that plaintiff's ADEA claim should be dismissed because it is supported

18   solely by speculation and conclusory allegations that plaintiff was terminated or otherwise

19   subjected to adverse action because of his age. (ECF No. 9). Defendant also asserts that plaintiff's

20   claim should be dismissed because plaintiff has failed to allege that he was performing his job

21   satisfactorily and that he was replaced by a younger employee with equal or inferior qualifications.

22   *Id*. Plaintiff argues that he has set forth sufficient plausible content indicative of claims for relief

23   pursuant to his age discrimination claim. (ECF No. 11).

24       The ADEA makes it unlawful "to discharge any individual . . . because of such individual's

25   age." 29 U.S.C. § 623(a)(1). Courts evaluate ADEA claims that are based on circumstantial

26   _____

27       [1] Plaintiff's response requests that, should the court finds the allegations in plaintiff's
     complaint to be insufficient, the court grant plaintiff leave to amend his complaint. (ECF No. 11).
28   As plaintiff has not filed a motion for leave to amend, the court will not consider plaintiff's
     arguments in this regard.

**James C. Mahan**
**U.S. District Judge**

evidence of discrimination by using the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). Under this framework, the employees must first establish a prima facie case of age discrimination. *Id*.

"To establish a prima facie case using circumstantial evidence, the employees must demonstrate that they were (1) members of the protected class (at least age 40); (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

While reviewing a district court's grant of dismissal of a similar age discrimination claim, the Ninth Circuit Court of Appeals explained two key principles relevant to analyzing pleadings in its ADEA case,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Heyer v. Governing Bd. of the Mt. Diablo Unified Sch. Dist.*, 521 F. App'x 599, 600-01 (9th Cir. 2013) (quoting *Starr*, 652 F.3d at 1216).

Defendant cites to *Rodriguez v. Station Casinos*, LLC, No. 2:15-cv-00594-GMN-CWH, 2015 U.S. Dist. LEXIS 153190 (D. Nev. 2015), asserting that under similar circumstances, the court dismissed the plaintiff's complaint because it "consist[ed] of nothing more than legal conclusions, broad generalities, and recitations of the elements of [plaintiff's] claims." (ECF No. 9).

In *Rodriguez*, the plaintiff made the following allegations:

> [S]he was "disciplined" while other similarly situated co-workers not of her protected class were not disciplined, she was denied a "plum guard position," and when she informed her employer of this preferential treatment, no corrective action was taken. (*Id*. ¶¶ 14, 16, 21). She further claims she "has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, [and] indignity[.]"

2015 U.S. Dist. LEXIS 153190, at *3. The court held that these allegations alone "are factually insufficient to satisfy the pleading requirements under *Twombly* and *Iqbal*." *Id*.

Here, plaintiff's complaint contains similar conclusory allegations. Plaintiff alleges that he endured "unfair criticisms of his work and performance" and "unequal treatment" by management regarding the "terms and conditions of his employment," which younger coworkers did not receive. (ECF No. 1). Plaintiff's complaint references "disparate treatment as opposed to younger employees/co-workers," "various forms of discriminatory conduct based on his over 40 age," and "various forms of discriminatory conduct and harassment." *Id*. Plaintiff also alleges that defendant initiated and enforced "unfounded disciplinary actions" against plaintiff and that defendant ultimately wrongfully terminated him. *Id*. These are all conclusory statements that do not contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr*, 652 F.3d at 1216.

Additionally, while plaintiff, age sixty-eight, has alleged that he is a member of a protected class, he has failed to allege that he was performing his job satisfactorily and that he was replaced by a younger employee with equal or inferior qualifications. *See* (ECF No. 1).

In light of the foregoing, plaintiff has failed to adequately state a claim for age discrimination under the ADEA. Accordingly, defendant's motion to dismiss will be granted as to this claim.

*b. Plaintiff's hostile work environment claim*

Defendant asserts that plaintiff's hostile work environment claim should be dismissed because plaintiff fails to allege any facts which would allow the court to draw the inference that defendant is liable for creating a hostile work environment. (ECF No. 9). Plaintiff argues that he has sufficiently alleged his hostile work environment claims at this stage of the proceedings pursuant to relevant federal law. (ECF No. 11).

A hostile work environment claim may exist when the "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v.*

*Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

To establish a hostile workplace claim, a plaintiff must show: "(1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003).

Isolated comments, standing alone, do not support a hostile work environment claim. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103 (9th Cir. 2004) (citing *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 872 (9th Cir. 2001)). However, a complaint sufficiently pleads a hostile work environment claim if the alleged conduct "pollutes the victim's workplace, making it more difficult for [him] to do [his] job, to take pride in [his] work, and to desire to stay on in [his] position." *McGinest*, 360 F.3d at 1113 (quoting *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994)). *Id.* A plaintiff is required to establish that his workplace was both objectively and subjectively hostile. *Nichols*, 256 F.3d at 871-72.

To resolve a claim for hostile work environment, the district court considers all of the circumstances of a hostile work environment claim, "including the frequency of the allegedly discriminatory conduct, its severity, and whether it unreasonably interferes with an employee's work performance." *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1109 (9th Cir. 2008) (citing *Brooks*, 229 F.3d at923).

The Ninth Circuit has "never definitively recognized an age-related hostile work environment claim." *Stevens v. Cty. of San Mateo*, 267 F. App'x 684, 685 (9th Cir. 2008); *see Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2003) (discussing only race and gender). However, assuming *arguendo* that such a claim is cognizable, here plaintiff has not sufficiently pleaded or supported his claim of an age-related hostile work environment.

Plaintiff alleges that that he received "disparaging comments and statements by supervisors related to Plaintiff taking retirement and/or statements by supervisors that Plaintiff should leave his employment and retire due to his age." (ECF No. 1). However, plaintiff does not plead facts

specifying how many of these or related comments he received nor how often he received them. Further, without more specificity as to the comments made, the court cannot determine whether they were more than a "mere offensive utterance." *See Vasquez*, 349 F.3d at 642. Plaintiff's other allegations regarding his hostile work environment claim are the same as those in the discrimination claim and suffer from the same pleading deficiencies.

For the foregoing reasons, plaintiff has failed to adequately state a hostile work environment claim. Accordingly, defendant's motion to dismiss will be granted as to this claim.

## IV.    Conclusion

In sum, the court will grant defendant's motion to dismiss plaintiff's age discrimination and hostile work environment claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED April 11, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**